THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NATHAN BONDS,<br><br>Defendant. | CASE NO. CR14-0074 JCC<br><br>ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR NEW TRIAL |

This matter comes before the Court on defendant Nathan Bonds's amended motion for leave to file a motion for a new trial (Dkt. No. 135). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

On November 7, 2014, a jury convicted Mr. Bonds of two counts of sex trafficking of a juvenile and two counts of interstate transportation of a minor with intent to engage in criminal sexual activity. (Dkt. No. 107.) On November 18, 2014, Mr. Bonds filed a pro se notice of appeal to the Ninth Circuit Court of Appeals. (Dkt. No. 109.) On December 3, 2014, the Ninth Circuit issued an order directing Mr. Bonds to show cause why the appeal should not be dismissed for lack of jurisdiction. (Dkt. No. 120.) Mr. Bonds did not respond, and the appeal was dismissed on February 24, 2015. (Id.) On January 15, 2015, Donna Johnston, Mr. Bonds's attorney at the time, withdrew as counsel. (Dkt. No. 114.) The CJA Administrator then appointed Timothy Lohraff to

1  represent Mr. Bonds on January 23, 2015. (Dkt. No. 117.) Since then, Mr. Lohraff has continued
2  sentencing several times, and it is now scheduled for October 20, 2015. (Dkt. Nos. 118-19, 121,
3  130, and 134.)

4  If a defendant wishes to file a motion to vacate a judgment and grant a new trial, he must
5  do so within fourteen days after the verdict, unless the basis for the motion is newly discovered
6  evidence. Fed. R. Crim. P. 33(b)(1)-(2). Failure to timely file such a motion is ordinarily cause
7  for forfeiture of the right to file. *Eberhart v. United States*, 546 U.S. 12, 19 (2005). However, a
8  defendant's failure to file within fourteen days may be permitted "if the party failed to act
9  because of excusable neglect." Fed. R. Crim. P. 45(b).

10 In determining whether "excusable neglect" has been shown, the parties agree that the
11 Court should consider the following four factors: "(1) the danger of prejudice to the opposing
12 party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for
13 the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures*, 624
14 F.3d 1253, 1261 (9th Cir. 2010). Although *Ahanchian* was a civil dispute, the Court finds that its
15 factors apply equally well to criminal matters.

16 It is undeniable that Mr. Bonds's delay was particularly egregious: roughly nine months
17 passed between when he was convicted and when he filed the present motion. Nonetheless, he
18 argues that if he is allowed to file a motion for a new trial, the Government would not be
19 prejudiced. According to Mr. Bonds, this is because the Government has already prosecuted the
20 case; therefore it retains "complete knowledge of the facts and legal issues." (Dkt. No. 135 at 3-
21 4.)

22 But as the Government points out, one benefit of the 14-day time limit under Rule 33 is
23 to "put the parties on notice as to the legal and factual issues that a defendant believes have
24 merit." (Dkt. No. 138 at 4.) This enables the Government to preserve relevant evidence and
25 maintain communication with necessary witnesses. (Id.) But no such notice was given to the
26 Government until this motion was filed. Mr. Bonds's delay thus creates a real danger of

1  prejudice to the government, which may no longer possess some of the evidence it used at trial.
2  Furthermore, if this Court ultimately chose to grant Mr. Bonds's motion for a new trial, the
3  Government would once more need to call teenage sex trafficking victims to testify about
4  traumatic events long after they had moved on. (Id.) Not only could this harm the proceedings, it
5  could harm the victims themselves. Mr. Bonds asserts that he has acted in good faith, (Dkt. No.
6  135 at 4), which the Government does not dispute. (Dkt. No. 138 at 5.)  However, it argues that
7  his delay was still inexcusable. (Dkt. No. 138 at 5.)

8        The Court agrees. Although Mr. Bonds argues that the delay was due in part to a "very
9  complicated and extensive transcript and discovery to review and case law to research," this is
10 unpersuasive. (Dkt. No. 139 at 2.) Mr. Bonds only cites a single case in his motion, which would
11 hardly have required extensive research. Furthermore, Mr. Bonds neither cites nor alludes to any
12 part of the transcript or discovery. This bolsters the Government's point that Mr. Bonds could
13 have filed this motion many months ago, and then asked for a continuance in order to flesh out
14 his arguments, since he makes no use of the transcript or discovery here. As a result, the reasons
15 Mr. Bonds presents for his delay appear to be no more than empty excuses. In contrast, the
16 Government has convincingly demonstrated that it would be prejudiced by a new trial.

17        For the foregoing reasons, Mr. Bonds's amended motion for leave to file a motion for a
18 new trial (Dkt. No. 135) is DENIED.

19        //
20        //
21        //
22        //
23        //
24        //
25        //
26        //

1   DATED this 9 day of September 2015.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR LEAVE TO
FILE MOTION FOR NEW TRIAL
PAGE - 4