THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATHAN BONDS,<br><br>          Petitioner,<br><br>       v.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | CASE NO. C18-0131-JCC<br><br>ORDER |

This matter comes before the Court on Petitioner Nathan Bonds's motion to vacate his conviction and set aside his sentence (Dkt. No. 1). Having thoroughly considered the parties' briefing and the relevant record, the Court finds an evidentiary hearing unnecessary and hereby DENIES the motion and DISMISSES the petition for the reasons explained herein.

## I.    BACKGROUND

A jury convicted Petitioner on four counts relating to the sex trafficking and prostitution of minors. *United States v. Bonds*, No. CR14-0074-JCC, Dkt. No. 108 (W.D. Wash 2014). He was sentenced to 120 months of detention. *Id.*, Dkt. No. 154 at 2. The Ninth Circuit affirmed his conviction on March 10, 2017. *United States v. Bonds*, 679 Fed. App'x 635, No. 15-30341 (9th Cir. 2017) (unpublished). Petitioner filed this timely petition collaterally attacking his conviction on January 26, 2017 (Dkt. No. 1). The Court ordered a response from the Government (Dkt. No. 4), which it provided (Dkt. No. 11).

Petitioner alleges that the Court issued *ex parte* oral instructions to the jury. He further alleges that he received ineffective assistance of counsel from both his trial and appellate attorneys. Consequently, Petitioner makes two requests of the Court. First, he asks the Court to recuse itself because of the alleged *ex parte* contact. (Dkt No. 1 at 6.) Second, he asks the Court to vacate his conviction and set aside his sentence pursuant to 28 U.S.C. § 2255, or, alternatively, to order an evidentiary hearing on the issues he raises. (*Id.*)

## II. DISCUSSION

### A. Request for Recusal

Petitioner moves for recusal under 28 U.S.C. sections 144 and 455(a). He asserts that his petition should be heard by another judge because it includes a claim of *ex parte* contact between the Court and the jury.

Recusal is required under 28 U.S.C. § 144 when a party files an affidavit under oath which both alleges prejudice by the judge and sets forth specific facts demonstrating the potential that the judge may be biased against it. *In re Beecher*, 50 F. Supp. 530, 531–32 (E.D. Wash. 1943). Under 28 U.S.C. § 455(a), recusal is mandated when a judge's "impartiality might be reasonably questioned." Under both statutes, the alleged prejudice must arise from an external source, not from regular judicial activities. *Litkey v. United States*, 510 U.S. 540, 554 (1994); *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). The complaining party must also demonstrate actual bias. *Demjanjuk v. Petrovsky*, 776 F.2d 571, 577 (6th Cir. 1985); *Hasbrouck v. Texaco*, 842 F.2d 1034, 1046 (9th Cir. 1987). Undesirable rulings or knowledge of unfavorable case-specific facts acquired throughout the litigation process is not evidence of prejudice. *Hasbrouck*, 842 F.2d at 1046; *Grinnell*, 384 U.S. at 583.

Petitioner has not met his burden under either statute. His request under section 144 was not made under oath, and thus fails to meet the statutory requirements. *See Beecher*, 50 F. Supp. at 531. In addition, his allegations fail to identify an extrajudicial origin of bias. Rather, Petitioner asserts recusal is necessary because the Court allegedly issued *ex parte* jury

instructions. This argument fails in that it does not comply with the purpose of section 2255, which requires that courts hear petitions filed by prisoners they sentenced. *Demjanjuk*, 776 F.2d at 577. Familiarity with the intricacies of a defendant's trial allows the Court to render accurate evaluations based on the totality of the proceedings. *See Shah v. United States*, 878 F.2d 1156, 1160 (9th Cir. 1989); *Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977). Under Petitioner's approach, this benefit would be lost. Because he has not met the statutory prerequisites, and in light of the policy considerations underpinning 28 U.S.C. § 2255, the Court DENIES Petitioner's request for recusal.

### B. Legal Standard

A prisoner in federal custody who believes her or his sentence violates the Constitution or federal law may petition the sentencing court to vacate the conviction or set aside the sentence. 28 U.S.C. § 2255(a). A "collateral attack on a criminal conviction must overcome the threshold hurdle that the challenged judgment carries with it a presumption of regularity, and that the burden of proof is on the party seeking relief." *Williams v. United States*, 481 F.2d 339, 346 (2d Cir. 1973). In reviewing such a petition, a court may rely upon the original proceeding's record and evidence filed by the parties. *Shah*, 878 F.2d at 1160. It may also employ its own recollection, experience, and common sense. *Id.*; *Gustave v. United States*, 627 F.2d 901, 903–04 (9th Cir. 1980); *Watts v. United States*, 841 F.2d 275, 278 (9th Cir. 1988). If the written record does not foreclose the prisoner's claims, the Court must order an evidentiary hearing, and make findings of fact and conclusions of law. 28 U.S.C. § 2255(b). However, a section "2255 motion can be dismissed without a hearing if . . . the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. To avoid dismissal, the movant must present some credible, non-conclusory evidence" in support of her or his claims. *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003); *see United States v. Jackson*, 209 F.3d 1103, 1106 (9th Cir. 2000) (no relief is warranted when the prisoner's claims are contrary to the record or incredible when weighed against it.).

C.      **Issuance of *Ex Parte* Jury Instructions**

Petitioner first moves for an evidentiary hearing to resolve his allegation of an *ex parte* oral instruction. But not all *ex parte* contacts prejudice a defendant. *Rushen v. Spain*, 464 U.S. 114, 118–19 (1983). Even when a petitioner proves an *ex parte* contact occurred, "[*e*]*x parte* contact alone does not suffice for purposes of a new trial; petitioner still must demonstrate that communications resulted in 'actual prejudice.'" *Bradley v. United States*, 676 Fed. App'x. 895, 906 (11th Cir. 2017) (unpublished). Accordingly, a collateral attack raising *ex parte* communication must prove both that the communication occurred and that it caused actual prejudice to the petitioner.

Petitioner asserts that he was prejudiced by the alleged *ex parte* communications between the Court and the jury. He claims that the Court "committed 'Judicial Error' by [having an] 'unrecorded communication' with the jury possibly causing an erroneous verdict," and that the meeting occurred "'mid-deliberations' . . . and [] without counsel from both sides present." (Dkt. No. 12 at 5.) To support this claim, he has provided a declaration from Juror Joe Blackie.[1]

Petitioner's claim is incredible when considered in light of the full record. First, the Court has a strong recollection of the trial and does not recall discussing non-administrative matters with the jury. Second, the docket reveals no direct evidence of communications between the jury and the Court. *Bonds*, No. CR14-0074-JCC, Dkt. Nos. 83–109 (docket entries during trial). Third, the docket shows that the jury began deliberating at 9:00 AM on November 7, 2014, and rendered a verdict five hours later, at 2:10 PM. *Id.*, Dkt. Nos. 102, 103, 126 at 2. This leaves little time for the Court to have delivered an *ex parte* jury instruction.

Additionally, Blackie's sworn statement is subject to multiple interpretations. It only makes vague, general reference to "oral instructions" issued by the Judge. (Dkt. No. 1 at 12.) But

---

[1] Juror Blackie's declaration makes several claims as to the thought-processes during deliberations. That testimony is barred under Federal Rule of Evidence 606(b). The Court need not consider it in reaching this decision.

it does not indicate when, where, or what instructions were given. Generalized, after-the-fact testimony which contradicts record evidence is entitled to little weight in a collateral attack. *See Jackson*, 206 F.3d at 1106–07. Petitioner's allegations are incredible, not consistent with the Court's recollection of the proceedings, and contradicted by the record. Accordingly, Petitioner's request for an evidentiary hearing on this issue is DENIED. The Court need not reach the question of prejudice and chooses not to do so.

### D. Ineffective Assistance of Counsel

Petitioner next alleges ineffective assistance of trial and appellate counsel. The Sixth Amendment guarantees criminal defendants not only access to an attorney, but the right to benefit from the effective assistance of that attorney. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). A defendant is deprived of that right when her or his attorney fails to render adequate legal assistance. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The defendant bears the burden of proof. *Id.* at 687. To prevail, the defendant must prove: (1) that the attorney's performance was deficient, and (2) that the deficient performance prejudiced the defendant. *Id.*

A lawyer's performance is deficient "if, considering all the circumstances, it falls below an objective standard of reasonableness measured under prevailing professional norms." *Jones v. Wood*, 114 F.3d 1002, 1010 (9th Cir. 1997). Professional norms require that defense attorneys "bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process." *Strickland*, 466 U.S. at 688. "Mere criticism of a tactic or strategy is not in itself sufficient to support a charge of inadequate representation." *Gustave*, 627 F.2d at 904. Attorneys are afforded great deference on matters of strategy. *Strickland*, 466 U.S. at 689. Decisions relating to which witnesses to call, what testimony to elicit, or how to elicit or argue that testimony fall squarely within that realm. *See Gustave*, 627 F.2d at 904–05; *Keidel v. Terry*, 105 Fed. App'x 149, 150 (9th Cir. 2004) (unpublished). There is a strong presumption that most of a defense attorney's decisions were strategic. *United States v. Span*, 75 F.3d 1383, 1387 (9th Cir. 1996).

Petitioner attacks his trial attorney for "failing to effectively cross examine JF1 [(Juvenile Female Victim 1)] and JF2 [(Juvenile Female Victim 2)]." (Dkt. No. 1 at 18.) His contention is belied by the record and constitutes a subjective critique, not an objective concern. First, the record reveals that Petitioner's trial attorney questioned JF1 and JF2 on their credibility and prior statements. (Dkt. No. 7-2 at 25–26); *Bonds*, No. CR14-0074, Dkt. No. 123 at 135–37 (sealed). Second, his trial attorney has also testified that, because of JF1's and JF2's sympathetic nature, she adjusted the duration and intensity of her attacks on their credibility to avoid alienating the jury. (Dkt. No. 7-8 at 2–3.) This is a strategic choice which defense counsel has wide discretion in making. *Tong Xiong v. Felker*, 681 F.3d 1067, 1079 (9th Cir. 2012); *Keidel*, 105 Fed. App'x at 150. While Petitioner is entitled to his opinion of the necessary vigor for a cross examination, that opinion does not provide a standard in assessing deficient performance under *Strickland*. 466 U.S. at 690. Petitioner provides no evidence or argument that his trial attorney's performance was deficient, based on an *objective* standard. Therefore, Petitioner has not shown that his trial attorney's performance was deficient.

Petitioner attacks his appellate attorney for failing to raise the Blackie declaration before this Court in his motion for new trial and in his motion for reconsideration of the Court's order denying a new trial, as well as in his direct appeal. (Dkt. No. 1 at 8.) But this conclusion is also contradicted by the record and constitutes a subjective critique. First, appellate counsel has testified that he "was aware, as a result of my many years of experience as a criminal defense attorney, that both case law and Federal Rule of Evidence 606(b) prohibit courts from considering declarations about the 'validity of the verdict.'"[2] (Dkt. No. 7-7 at 2.) Second, despite that awareness, appellate counsel attempted to appease Petitioner by splitting the difference. (*Id.* at 3.) He referenced the declaration in both a motion for reconsideration and the appellate brief.

---

[2] Blackie's declaration describes confusion about the jury instructions and regret for voting to find Bonds guilty. (Dkt. No. 1 at 12.) This kind of testimony is barred by Federal Rule of Evidence 606(b).

(*Id.*) That is a strategic decision and was his prerogative. Accordingly, Petitioner has not shown his appellate attorney's performance was deficient.

The record conclusively shows Petitioner is entitled to no relief on his ineffective assistance of counsel claims. Therefore, the Court DENIES his request for an evidentiary hearing on this issue. Because Petitioner has not established deficient performance, the Court does not reach the issue of prejudice.

## III. CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate his conviction and set aside his sentence (Dkt. No. 1) is DENIED.

DATED this 15th day of May 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE