THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR14-0074-JCC |
| Plaintiff, | ORDER |
| v. | |
| NATHAN BONDS, | |
| Defendant. | |

This matter comes before the Court on Defendant Nathan Bonds's motion for early termination of supervised release (Dkt. No. 184). Having thoroughly considered the motion and the relevant record, the Court DENIES the motion for the reasons explained herein.

In May 2005, Mr. Bonds was found guilty of sex trafficking a minor. (Dkt. No. 107.) Mr. Bonds was sentenced to 10 years of imprisonment followed by 15 years of supervised release. (Dkt. No. 153.) He was released from prison and began his supervision term in 2021. After three years, Mr. Bonds now moves for early termination of his period of supervised release, which is scheduled to end on December 9, 2036. (Dkt. No. 186 at 1.)

The Court may terminate a term of supervised release at any time after the defendant has served at least one year of the term if it finds that termination is warranted by the defendant's conduct, and that doing so is in the interests of justice. 18 U.S.C. § 3583(e)(1). When ruling on a motion for early termination, the Court must consider various factors, including the nature of the

ORDER
CR14-0074-JCC
PAGE - 1

defendant's crime, the defendant's characteristics, the need to protect the public from further criminal conduct, the need to provide the defendant access to correctional support, and the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *Id.* (citing factors in 18 U.S.C. § 3553(a)).

Mr. Bonds has complied with the terms of his supervised release over the past four years and has stable employment. (*See* Dkt. No. 186 at 2–3.) He also had a good record in prison. (*See* Dkt. No. 185 at 2–3.) He submits that the purposes of supervision have been accomplished because he is transitioned back to community life. (*Id.* at 4–5.)

Mr. Bonds's compliance with the terms of his present period of supervised release is commendable, but this supervision was necessitated by a serious criminal offense involving a minor. When the Court imposed the present period of supervised release, it considered the statutory factors that Mr. Bonds now asserts justify early termination. (*See* Dkt. No. 154). Twelve years of supervision remain. Although the Court joins the Government and Probation in its commendation of Mr. Bonds's performance under supervision, (*see* Dkt. Nos. 186 at 3, 187 at 8), he has only done that which is expected of him. The Court does not find that terminating the vast majority of supervision due to expected behavior during a fraction of the period is in the interest of justice.

For the foregoing reasons, Defendant Nathan Bonds's motion for early termination of supervised release (Dkt. No. 184) is DENIED.

DATED this 21st day of January 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR14-0074-JCC
PAGE - 2